IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

                    Plaintiff,

vs.                                             No. 07-40012-01-SAC

STEVEN J. JOHNSON,

                    Defendant.


MEMORANDUM AND ORDER

Defendant is charged with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). This case comes before the court on the government's motion for discovery of a laboratory report and return of evidence. Defendant opposes the motion for discovery.[1]

**Facts**

The relevant facts are not disputed. At or soon after

_____

[1]Defendant does not oppose the motion to the extent it requests the return of evidence. Defendant agrees to return the evidence which was initially provided by the government and which was not destroyed by the testing, thus the court denies this portion of the motion as moot.

defendant's arrest, police took an oral swab from Mr. Johnson, pursuant to his consent, and submitted it, along with the relevant firearm, to the Kansas Bureau of Investigation Laboratory for DNA testing.  The KBI informed counsel that due to their huge backlog, no DNA test was likely to be run on defendant's swab before the date of his trial.  On April 3, 2007, defendant filed a motion for DNA testing, proposing various means by which the court could order the DNA testing to be done on an expedited basis.  At the May 9th hearing held on that and other motions, the issue was deemed to be resolved.  *See* Dk. 31.  When the issue resurfaced, the court denied the motion for DNA testing, finding among other matters that defendant has no constitutional right to have DNA test conducted prior to trial and that the government has no pretrial duty to use a particular investigatory tool such as DNA testing.  Dk. 38.

        The parties now show the court that thereafter, the government agreed to permit the evidence to be shipped to a private laboratory which contracted with the Public Defender to perform the DNA testing, at the PD's expense.  Although the government's counsel expected to receive a copy of the DNA test results, he neither placed any conditions on his provision of evidence to the laboratory, nor expressed to defense counsel his

expectation that he would have access to the report or results of the test.

The government does not challenge defense counsel's assertion that:

> On May 31, 2007 a representative of the private laboratory contacted counsel for the accused and inquired if he was (sic) permitted to consume the entire sample, effectively destroying the evidence in the process of testing.  Defense counsel telephoned the prosecutor, and the prosecutor agreed that, if deemed necessary by the expert, the evidence could be fully utilized to obtain a result.

Dk. 44, p. 3.

DNA testing has now been completed, and defense counsel refuses to provide a copy of the results to the prosecutor.  Defense counsel asserts that he has no intention of using the test results or the underlying evidence in his case in chief, or of calling the person who conducted the test as a witness at trial, thus he has no duty under Fed. R. Crim. P. 16(b) to disclose it to the government.  From this, the government concludes that the test results are inculpatory.

Three of the four swabs cannot be retested because they were destroyed during the testing process, as is routine.  Defendant agrees to return to the government one swab of the defendant, which was partially but not completely consumed by the testing.  Although the firearm could be reswabbed, the initial results cannot likely be replicated since the most

recent and reliable DNA was taken in the first swabbing.  Accordingly, the

testing cannot be accurately and reliably replicated.

**Discussion**

The court agrees that defendant is not required to produce the

requested report pursuant to Fed. R. Crim. P. 16.  That rule states:

> (B) Reports of Examinations and Tests. If a defendant requests
> disclosure under Rule 16(a)(1)(F) and the government complies, the
> defendant must permit the government, upon request, to inspect and
> to copy or photograph the results or reports of any physical or mental
> examination and of any scientific test or experiment if:  (i) the item is
> within the defendant's possession, custody, or control; and
> (ii) the defendant intends to use the item in the defendant's
> case-in-chief at trial, or intends to call the witness who prepared the
> report and the report relates to the witness's testimony.

Based upon defense counsel's assertion that he does not

intend to use the result of the DNA test in the defendant's case-in-chief at

trial, and has no intention of calling the witness who prepared the report,

defense counsel has no duty under this rule to disclose the DNA report in

its possession.  Thus despite the fact that the government initially

possessed the underlying evidence and provided it to a third party for

scientific testing at defendant's request, it has no right to demand a copy of

the report under this rule.

The government asserts entitlement to the report based upon

the dictates of equity, the parties' implied agreement of cooperation and reciprocity, and defense counsel's abuse of his status as an officer of the court.[2] No authority has been cited in support of these assertions.

Equity does not aid the government. The government could have prevented its current dilemma by simply expressing its expectations to defense counsel and conditioning its provision of the underlying evidence upon an express agreement that it would have access to the DNA test results or would have its own expert present during testing.

> . . . (E)quity aids one who has been vigilant, not one who has slept on his rights. . . The maxim has been employed broadly to deny relief to those who neglect to take care of themselves, and who thereby suffer losses which ordinary care would have prevented.  The situation which is most frequently contemplated by the maxim is that which is created where the individual having knowledge of rights which he may assert, has failed to act, with the result that another has acted upon the assumption that such rights do not exist or will not be asserted.

27 Am.Jur.2d Equity § 130, pg. 658.

Nor do the facts show an implied contract. "Contract implied-in-fact is a doctrine applicable to a meeting of the minds, inferred without explicit words from the conduct of the parties as showing their tacit understanding. *Boldridge v. Tyson Foods, Inc.*, 2007 WL 846517, *8 (D.

---

[2]The government additionally notes that it could seek other alternatives, and cites to a case discussing spoliation.

Kan. 2007). Here, although the government's counsel may have intended to receive a copy of the test results as a condition of his provision of the underlying evidence to the laboratory, defense counsel intended to provide a copy of the test results to government's counsel only in the event the results were favorable to his client, in accordance with the requirements of Rule 16.  Under these facts, no meeting of the minds occurred as necessary to support an implied contract.

The government's reliance on "cooperation" and "reciprocity" suggests that this court has inherent power to invoke a doctrine of "reciprocal discovery" which was represented by the old discovery rule. There is no authority for this proposition. "The deletion of the "reciprocal discovery" provision from Rule 16 was accompanied by a great expansion of the government's rights of discovery.  Thus, it appears that the drafters of the 1975 amendments to Rule 16 intended to provide the government and the defense with specified rights and to abolish the concept of reciprocity."  *United States v. Layton*, 90 F.R.D. 520, 523 (D.C.Cal.1981).

The allegation that "defense counsel's refusal to disclose the report is an abuse of the F.P.D.'s officer-of- the-court status in regard to physical examination of evidence," Dk. 41, p. 4, is a serious charge

unsupported by citation to authority.  Although defense counsel has certain duties toward the court and the administration of justice regarding the preservation or disclosure of physical evidence in certain circumstances, no such duty has been established under the present unique circumstances, which include the government's voluntary relinquishment of the evidence, the government's consent to destructive testing, and the government's failure to take acts which would have prevented the prejudice it now suffers.  The present case is not one in which defense counsel unlawfully obstructed the prosecution's access to evidence or unlawfully altered, concealed or destroyed any material having potential evidentiary value.  Nor is it one in which defense counsel found incriminating physical evidence and refused to disclose it to law enforcement or other authorities. No mishandling of physical evidence by defense counsel which could be prejudicial to the administration of justice has been shown under the unusual facts of this case.

In short, counsel for the government has failed to convince the court that another source, be it equity, contract, or tradition, impliedly establishes additional duties to disclose evidence in a criminal case than does Rule 16.

IT IS THEREFORE ORDERED that plaintiff's motion for

discovery of laboratory report and return of evidence (Dk. 41) is denied.

Dated this 24th day of July, 2007, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge